**DHF Law, P.C.**
Devin H. Fok, Esq. (SBN #256599)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ZACHARY TYLER COTTON, as an individual, <br><br> Plaintiff(s), <br><br> vs. <br><br> HIRERIGHT, LLC, CTH FL-WV, LLC, and DOES, 1-10 inclusive, <br><br> Defendant(s). | Case No.: <br> **FIRST AMENDED COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff ZACHARY TYLER COTTON (hereafter as "Plaintiff") hereby

files his Complaint for Damages and Demand for a Jury Trial against Defendant

HIRERIGHT, LLC, (hereafter "Defendant"), CTH FL-WV, LLC., and JOHN DOES 1-10 inclusive (hereafter collectively as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Defendant HireRight, LLC ("HireRight") is a consumer reporting agency that that offers background screening services, which include but are not limited to on-demand employment background checks, drug testing, and education verification.

2. On or about March 2023, Plaintiff applied for a job as a cook at the Bacan Restaurant located in Lake Nona Wave Hotel ("Wave Hotel") in Orlando, Florida. Wave Hotel operates through CTH FL-WV, LLC. ("CTH").

3. CTH has entered into a hotel management agreement with the owner of Wave Hotel pursuant to which CTH employs certain personnel working at, and provides certain services to, Wave Hotel in Orlando, Florida.

4. Plaintiff was conditionally hired by Wave Hotel, on the basis that he pass a background check.

5. In connection with Plaintiff's application, Wave Hotel procured a background screening report on Plaintiff from Defendant.

6. Defendant disclosed erroneous criminal history records regarding Plaintiff.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

7. Specifically, Defendant HireRight disclosed that Plaintiff had a Reckless Driving; First Conviction misdemeanor charge with a "Pled guilty" disposition, and a DUI First Conviction Misdemeanor with a "Pled guilty" disposition as well.

8. The aforementioned cases do not belong to Plaintiff.

9. Due to the errors on the background screening report, Plaintiff was denied employment to work in the restaurant, Bacan, located in the Wave Hotel.

10. Wave Hotel took adverse action on Plaintiff due to the records reported yet Plaintiff was not provided an adverse action notice.

11. Plaintiff requested an adverse action notice from Wave Hotel but was never met with a response.

12. Plaintiff disputed his background check report which was later amended, but at the time the report was amended Plaintiff was unable to obtain the job he was previously offered.

13. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681e(b), Defendant HireRight was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Disclosing erroneous information is a clear violation of this statute.

14. As a direct result of Defendant HireRight's lack of adequate procedures and failure to verify public records, Plaintiff was denied employment to work at Bacan in Wave Hotel.

15. Defendant HireRight did not have defined processes to verify the accuracy of the public records information provided.

16. Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that consumer reports are accurate.

17. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the denial of employment.

18. Accordingly, Plaintiffs seeks recovery for his actual damages, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

19. Plaintiff is a resident of Orlando, Florida.

20. Defendant is an investigative consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code §1681 *et seq.*) 15 U.S. Code §1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code §1681e.

21. Defendant HireRight is headquartered at 100 Centerview Dr, Nashville, TN 37214.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

22. Defendant CTH FL-WV, LLC. ("CTH")'s principal address is 6100 Wave Hotel Drive, Orlando, Florida 32827.[1]

23. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore, sues those Defendants by such capacities when such information is ascertained through discovery.

24. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

25. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,

26. Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION

### (15 USC §1681e(b) against HireRight and DOES 1-10)

---

[1] In the original complaint, CTH FL-WV, LLC. was erroneously sued as CoralTree Hospiality Group, LLC. Upon confirmation by the defendant's counsel, Plaintiff amended the complaint to correctly name the defendant.

27. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

28. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

29. Defendant's conduct was willful and/or reckless because it knew that its failure to consult the original source of the criminal history information is insufficient to ensure maximum possible accuracy of the criminal history information reported.

30. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

31. Alternatively, Plaintiff alleges that Defendant's violations were negligent.


## SECOND CAUSE OF ACTION

### (15 USC §1681g against HireRight and DOES 1-10)

32. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

33. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA failing to provide Plaintiff with his full file.

34. Defendant's conduct was willful and/or reckless because it knew that its production of the full consumer report would result in meritorious litigation.

35. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

### THIRD CAUSE OF ACTION

### (15 USC §1681k(a)(2) against HireRight and DOES 1-10)

36. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

37. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly failed to use strict procedures to ensure the reported information is complete and up to date despite knowing that the erroneous public record was likely to have an adverse effect upon Plaintiff's ability to obtain employment in violation of 15 U.S.C. § 1681k(a)(2).

38. Plaintiff is informed, and believes, and thereon alleges that HireRight failed to sufficiently conduct audits, reviews, or quality control of the information it reported

39. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

### FOURTH CAUSE OF ACTION

### (15 USC §1681b(b)(3) against CTH and DOES 1-10)

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

40. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

41. Plaintiff is informed and believes that CTH willfully and/or recklessly violated 15 U.S.C. § 1681b(b)(3) by taking adverse employment action and failing to provide Plaintiff with pre-adverse action notice prior to taking adverse action.

42. The duty to provide a pre-adverse action notice is not only one of the most important duties imposed on employers under the FCRA but has been clarified numerous times by both agency opinions and case law. CTH knew, or should have known, that it has the duty to provide a pre-adverse action notice.

43. Despite Plaintiff requesting an adverse action notice from Defendant, Plaintiff never received one.

44. CTH's willful and/or reckless violation of the statute entitles Plaintiff to actual damages, attorney's fees as well as statutory penalties.

45. Alternatively, Plaintiff alleges that CTH's conduct was negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants and each of them as follows:

1. As to all claims:

   a. For a declaration that Defendants' practices violate FCRA;

   b. For statutory, compensatory, special, general, and punitive damages according to proof as applicable against all Defendants;

   c. For interest upon such damages as permitted by law;

   d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

   e. For the costs of the lawsuit'

   f. For injunctive relief as applicable; and,

   g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.


DATED: April 2, 2025         /s/ Devin H. Fok
                             Devin H. Fok (SBN: 256599)
                             2304 Huntington Drive, Suite 210
                             San Marino, CA 91108
                             Ph: 888-651-6411
                             devin@devinfoklaw.com

                             *Attorney for Plaintiff*