**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ZACHARY TYLER COTTON, as an
individual,

      Plaintiffs,

v.                                                        Case No. 8:25-cv-00597

HIRERIGHT, LLC, CTH FL-WV, LLC,
and DOES, 1-10 inclusive,

      Defendants.

_____

## Uniform Case Management Report

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

      The parties conducted the planning conference on 5/5/2025. Plaintiff's counsel, Joshua Kim; Defendant HireRight's counsel, Kendall Bennett and Layal Ramirez; and Defendant CTH FL-WV's counsel, Nailah Casavant and Amanda Simpson attended the conference.

2. **Deadlines and Dates**

      The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 6/6/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 9/5/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 10/14/2025 |
| | Defendant | 12/12/2025 |
| | Rebuttal | 1/16/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 1/30/2026 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 3/6/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | | 2/13/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 5/1/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 5/22/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 6/5/2026 |
| Month and year of the trial term. | | 8/1/2026 |

The trial will last approximately 5 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

2

**Plaintiff's Description:** Defendant CTH FL-WV, LLC. ("CTH") denied employment to Plaintiff based on criminal records disclosed by Defendant HireRight that do not belong to him. The issue of reasonableness of HireRight's procedures is expected to be fact-intensive.

**Defendant HireRight, LLC's Description:** Plaintiff brings claims against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff alleges that Lake Nona Wave Hotel, operated by Defendant CTH FL-WV, LLC denied employment to Plaintiff based on a background check it ordered from Defendant HireRight, LLC.

Defendant HireRight, LLC is a consumer reporting agency that prepares consumer reports for prospective employers.  Plaintiff alleges HireRight reported driving records that did not belong to him on a report for Lake Nona Wave Hotel, in violation of 15 U.S.C. § 1681e(b). The FCRA does not require HireRight's consumer reports to be perfect; it is not a strict liability statute.  Instead, HireRight must follow reasonable procedures to assure the maximum possible accuracy of the consumer reports it prepares 15 U.S.C. § 1681e(b). It did that here. Plaintiff also asserts a claim under 15 U.S.C. § 1681k, suggesting that HireRight's report was incomplete or outdated. It was not, and Plaintiff does not allege it was. In any event, HireRight maintains strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date. That is all the statute requires. Here, Plaintiff disputed the day after HireRight completed its report. HireRight updated Plaintiff's report two days later and notified Lake Nona Wave Hotel. Finally, Plaintiff asserts a claim under 15 U.S.C. § 1681g regarding a file disclosure. He does not allege that he requested a disclosure or that HireRight did not provide him one—threshold requirements to assert this claim. Plaintiff has the burden to prove that HireRight's actions—as opposed to his own or another's—caused his alleged damages.

**Defendant CTH FL-WV, LLC's Description:** Plaintiff brings claims against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff alleges that Lake Nona Wave Hotel, operated by Defendant CTH FL-WV, LLC denied employment to Plaintiff based on a background check it received from Defendant HireRight, LLC.

3

## 4.  Disclosure Statement

☐ Each party has filed a disclosure statement using the required form. Defendant CTH FL-WV, LLC recently appeared in this case on May 5, 2025, and will be filing a disclosure statement shortly.

## 5.  Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.  Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7.  Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐   The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8.   Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒   The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9.   Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒   Yes.
    ☐   No; instead, the parties agree to these changes: enter changes.

B.   Discovery may be needed on these subjects:

**Plaintiff**: Policies and procedures of each Defendant's compliance with respective requirements of the Fair Credit Reporting Act; damages claimed by Plaintiff.

**Defendant HireRight, LLC:** HireRight anticipates conducting discovery on Plaintiff's application for employment; Plaintiff's damages, including, but not limited to, his claim that he was denied employment and lost income; Plaintiff's efforts to mitigate his damages, including, but not limited to, any efforts to obtain employment; Plaintiff's employment history; Plaintiff's financial status; Plaintiff's alleged emotional history and claimed emotional distress damages. HireRight will take Plaintiff's deposition, and the depositions of any fact and/or expert witnesses disclosed during the course of discovery.

C.   Discovery should be conducted in phases:

      ☒  No.

      ☐  Yes; describe the suggested phases.

D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒  No.

      ☐  Yes; describe the issue(s).

E.    ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

      ☒  No.

      ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

| | |
|---|---|
| s/Joshua E. Kim | s/Kendall Bennett |
| Joshua E. Kim | Kendall Bennett |
| Attorney for Zachary Taylor Cotton | Attorney for HireRight, LLC |
| 5/5/2025 | 5/5/2025 |

s/Naliah B. Casavant
Naliah B. Casavant
Attorney for CTH FL-WV, LLC
5/5/2025