UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZACHARY TYLER COTTON,

    Plaintiff,

v.                                                Case No. 6:25-cv-1466-RBD-LHP

HIRERIGHT, LLC; DOES 1–10,
INCLUSIVE; and CTH FL-WV, LLC,

    Defendants.
_____

## ORDER

On *sua sponte* review, Plaintiff's First Amended Complaint (Doc. 19) is due to be dismissed as a shotgun pleading.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). So courts are faced with the onerous task of "sift[ing] out the irrelevancies" to determine which facts are relevant to each claim. *See id.* Shotgun pleadings are "altogether unacceptable," and plaintiffs must replead. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

Here, each count of the Complaint following Count I incorporates all of the

foregoing allegations, including the previous count. (Doc. 19, ¶¶ 32, 36, 40.) So the Complaint is an impermissible shotgun pleading and must be dismissed. Plaintiff's second amended complaint should clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's First Amended Complaint (Doc. 19) is **DISMISSED WITHOUT PREJUDICE**.

2. By **Tuesday, August 19, 2025**, Plaintiff may file a second amended complaint correcting the deficiency identified in this Order. Failure to timely file will result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 5, 2025.



ROY B. DALTON, JR.
United States District Judge