UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZACHARY TYLER COTTON,

     Plaintiff,

v.                                                     Case No. 6:25-cv-1466-RBD-LHP

HIRERIGHT, LLC; DOES 1–10,
INCLUSIVE; and CTH FL-WV, LLC,

     Defendants.

_____

## ORDER

Before the Court are Plaintiffs' motions for leave to amend and for relief from judgment. (Docs. 56, 61.)

The Court previously dismissed the complaint without prejudice as a shotgun and gave Plaintiff leave to amend by August 19, 2025. (Doc. 54.) That deadline came and went with no action. A month and a half late, Plaintiff sought leave to amend, asserting that the dismissal Order went into counsel's spam folder. (Doc. 56.) Defendants opposed, pointing out that a dismissal order becomes a final judgment when the deadline to amend expires. (Doc. 57, p. 12.) So, about three months after the deadline, Plaintiff sought relief from the judgment, which Defendants also opposed. (Docs. 61, 62.)

"If the plaintiff does not amend the complaint within the time allowed, no

amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period." *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986). When a dismissal order becomes a final judgment, the court loses the power to extend the time to amend, and the recourse is then limited to various post-judgment remedies, including relief from judgment under Federal Rule of Civil Procedure 60(b). *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720 (11th Cir. 2020).[1]

Based on this case law,[2] the Court lost the power to extend the time to amend when the amendment deadline passed and the dismissal Order became a final judgment. So the motion for leave to amend (Doc. 56) is **DENIED**.

Turning to the motion for relief from the judgment, seeking relief for attorney error falls under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect. *See Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). The Eleventh Circuit "has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). The

---

[1] *See also Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994), *abrogated in part on other grounds by Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. ex rel. Vista-Pro Auto., LLC*, 146 S. Ct. 579 (2026) (considering Rule 60(b)(4) motions).

[2] Plaintiff points to times when the Eleventh Circuit has questioned *Schuurman*, but as of now, it remains good law. *See Burt v. President of Univ. of Fla.*, 151 F.4th 1334, 1338 (11th Cir.), *reh'g en banc granted, op. vacated*, 153 F.4th 1368 (11th Cir. 2025).

excusable neglect factors are: "the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997–98 (11th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993)).

Here, the *Pioneer* factors are not in Plaintiff's favor. Defendants would be prejudiced by reopening the case because they should not have to defend against a final claim. *See Blum v. Alachua Cnty.*, No. 1:23-CV-283, 2024 WL 3606370, at *3 (N.D. Fla. June 27, 2024), *aff'd*, No. 24-12404, 2025 WL 2993287 (11th Cir. Oct. 24, 2025) (month and a half delay prejudicial). The delay also impacted the proceedings, as this motion did not ripen until the end of November and discovery was supposed to close in January; there would have been no way to give the Court adequate time to resolve the motion and still complete discovery on time, throwing the whole calendar off. (*See* Doc. 32.) Most importantly, courts have made clear over and over again that electronic notifications going to spam does not constitute excusable neglect.[3] *See, e.g., Shibeshi v. E\*TRADE Sec., LLC*, No. 24-

---

[3] Indeed, counsel also received a copy of the dismissal to his personal email. Though he represents that he does not regularly check that email account, this fact further contributes to the Court's finding that the neglect was not excusable. (Doc. 61-1, ¶ 2.)

11933, 2025 WL 1250726, at *4 (11th Cir. Apr. 30, 2025); *PNC Bank, Nat'l Ass'n v. Lucmaur, LLC*, No. 6:14-cv-248, 2015 WL 1020604, at *2 (M.D. Fla. Mar. 9, 2015) (Dalton, J.). And there was an additional month-long delay between when Plaintiff's counsel discovered they missed the dismissal and when they filed the motion for relief from judgment; they waited for Defendants' counsel to point out to them that *Schuurman* applied and the Court could not grant the leave to amend they initially requested. This failure to identify the applicable case law further suggests a level of neglect that is not excusable. Finally, while the Court cannot detect any bad faith on the part of Plaintiff's counsel, "all of the good faith in the world cannot stand in the place of an attorney's duty to monitor the docket." *Vehse v. Liberty Mut. Fire Ins. Co.*, No. 8:16-cv-599, 2017 WL 951707, at *6 (M.D. Fla. Mar. 10, 2017).

Because the *Pioneer* factors do not show that Plaintiff's counsel acted with excusable neglect under Rule 60(b)(1), the motion for relief from judgment (Doc. 61) is **DENIED**. The Clerk is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 2, 2026.

4



ROY B. DALTON, JR.
United States District Judge

5